WILSON v DEPARTMENT OF TREASURY

Docket No. 58088. Submitted May 13, 1982, at Lansing.—Decided
    July 15, 1982. Leave to appeal denied, 417 Mich __.

    Ralph C. Wilson, Jr., and his wife are Michigan residents who
    own 100% of the stock of a subchapter S corporation known as
    the Buffalo Bills, a New York corporation doing business in
    New York and California. The Wilsons deducted the amount of
    income attributed to them from the corporation from their
    adjusted gross income on their Michigan income tax returns.
    The Department of Treasury disallowed the deductions, added
    the amount back to the Wilsons' gross income and added a
    penalty and interest. The Wilsons paid the assessment but
    appealed to the Board of Tax Appeals and subsequently the
    Ingham Circuit Court. The court, Thomas L. Brown, J., af-
    firmed the assessment. The Wilsons appealed. *Held:*

        The lower court did not err in affirming the tax assessment.
    Distributions from out-of-state subchapter S corporations to
    Michigan residents are not "income from business activity" but
    rather, are dividends allocable to this state and includable in
    taxable income. However, net operating losses should be
    treated as deductions in a trade or business and are deductible
    from income only in the state where the business activity took
    place.

        Affirmed.

TAXATION — SUBCHAPTER S CORPORATIONS — INCOME TAX.
    Distributions from out-of-state subchapter S corporations to Mich-
    igan residents are not "income from business activity" but,
    rather, are dividends allocable to this state and includable in
    taxable income for state income tax purposes.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by
*Eugene A. Gargaro, Jr.,* and *Michael P. O'Rourke),*
for plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
71 Am Jur 2d, State and Local Taxation §§ 497, 552, 573.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *John W. Jackson, Jr.,* Assistants Attorney General, for defendant.

Before: ALLEN, P.J., and CYNAR and C. J. FALA-HEE,* JJ.

PER CURIAM. Appellants are Michigan residents who own 100% of the stock of a subchapter S corporation known as the Buffalo Bills, which is a New York corporation doing business in New York and California. In 1975 and 1976, appellants filed their Michigan income tax returns and deducted from their adjusted gross income the income received by them from the subchapter S corporation. The appellee, Department of Treasury, disallowed the deductions, added them back to appellants' gross income thereby increasing the Michigan tax due in the amount of $4,140.77, and assessed a penalty of $414.09 and interest of $1,082.05, for a total additional tax due of $5,636.91.

Appellants filed a petition with the State Board of Tax Appeals contesting the action of the Department of Treasury and subsequently brought suit in Ingham County Circuit Court for recovery of the $5,636.91 paid as assessed. The Ingham County Circuit Court affirmed the assessment finding that such distributions were to be treated like dividends and could be taxed in this state.

The question presented is whether distributions to Michigan resident shareholders from a New York subchapter S corporation should be allocated to Michigan for income tax purposes?

There has been only one appellate court decision

* Circuit judge, sitting on the Court of Appeals by assignment.

from this state that has considered the issue presented in this case, and then, only indirectly.

In *Grunewald v Dep't of Treasury,* 104 Mich App 601; 305 NW2d 269 (1981), *lv den* 412 Mich 875 (1981), it was held that Michigan residents cannot take into account their distributive share of losses sustained by an out-of-state limited partnership when computing their income subject to the Michigan income tax. *Grunewald, supra,* p 608. In arriving at that conclusion, this Court relied upon the Board of Tax Appeals decision in *Craighead v Dep't of Treasury,* Mich Tax Rep (CCH), ¶ 200-751 (1978):

"The board relied in part on a since-repealed statute which required shareholders in subchapter S corporations to include their proportionate share of the corporation taxable income in their income for state income tax purposes without distinguishing between in-state or out-of-state subchapter S corporations. MCL 206.81; MSA 7.557(181), repealed by 1975 PA 233. The board also suggested that subchapter S distributions are equivalent to corporate dividends which are allocated to this state where the taxpayer is a resident, MCL 206.113; MSA 7.557(1113). Finally, the board found no basis for application of the allocation and apportionment provisions of the Income Tax Act to subchapter S distributions.

\* \* \*

"While we agree with the board's treatment of subchapter S distributions as corporate dividends, we cannot make the same analogy with limited partnership income because partnership income has always been taxed as income to the partners rather than at the partnership level." *Grunewald, supra,* p 607.

A subchapter S corporation, *i.e.,* small business corporation, is limited to no more than 15 shareholders, Internal Revenue Code, § 1371(a)(1), al-

though a husband and wife are treated as one shareholder. IRC § 1371(c). An eligible corporation may elect not to be subject to corporation taxes. IRC § 1372(a). Once becoming an electing small business corporation, IRC § 1372(a), such status can only be terminated by 1) the addition of new shareholders, 2) revocation, 3) ceasing to be a small business corporation, 4) having foreign income of over 80%, or 5) having passive investment income of over 20%. IRC § 1372(e). Undistributed taxable income of an electing corporation is included in the gross income of the shareholders, *i.e.,* the amount each would have received as a dividend if there was a pro rata distribution. IRC § 1373(a). The amount so included *shall* be treated as a dividend. IRC § 1373(b); Treas Reg § 1.1373-1 (1982). Conversely, the net operating loss of an electing corporation is allowed as a deduction from the gross income of the shareholders. IRC § 1374(a). The amount so deducted is treated as a "deduction attributable to a trade or business carried on by the shareholder", IRC § 1374(b); Treas Reg § 1.1374-2 (1982), and each shareholder is entitled to deduct his or her pro rata share of the loss. IRC § 1374(c). Subchapter S, IRC §§ 1371-1379, has many references to distributions being treated as dividends, *e.g.,* § 1375(a) (capital gains are includable in gross income of shareholders as dividends) although such distributions are not treated as dividends for some purposes, *i.e.,* when computing some tax credits or the dividends received exclusion in the process of determining gross income under § 116 but only to the extent such is a distribution out of earnings and profits under § 316(a)(2) for the taxable year, IRC § 1375(b), or when undistributed shares are distributed in later years. IRC § 1375(d). Plaintiffs do not fall under any of the exceptions.

The Income Tax Act of 1967, MCL 206.1 *et seq.;* MSA 7.557(101) *et seq.,* provides that:

"(1) 'Taxable income' in the case of a person other than a corporation, an estate, or trust means adjusted gross income as defined in the internal revenue code subject to the following adjustments:

\* \* \*

"(j) Adjustments resulting from the allocation and apportionment provisions of chapter 3." MCL 206.30; MSA 7.557(130).

Chapter 3 provides that:

"Any taxpayer having income from business activity which is taxable both within and without this state, other than the rendering of purely personal services by an individual, shall allocate and apportion his net income as provided in this act." MCL 206.103; MSA 7.557(1103).

"For purposes of allocation and apportionment of income from business activity under this act, a taxpayer is taxable in another state if (a) in that state he is subject to a net income tax, a franchise tax measured by net income, a franchise tax for the privilege of doing business or a corporate stock tax, or (b) that state has jurisdiction to subject the taxpayer to a net income tax regardless of whether, in fact, the state does or does not." MCL 206.105; MSA 7.557(1105).

"(1) In the case of a resident individual, estate or trust all taxable income from any source whatsoever, except that attributable to another state under the provisions of sections 111 to 115 and subject to the credit provisions of section 255, is allocated to this state." MCL 206.110; MSA 7.557(1110).

"Interest and dividends are allocable to this state if the taxpayer is a resident partnership, estate or trust or individual of this state or has a commercial domicile in this state." MCL 206.113; MSA 7.557(1113).

"All business income, other than income from transportation services shall be apportioned to this state by

multiplying the income by a fraction, the numerator of which is the property factor plus the payroll factor plus the sales factor, and the denominator of which is 3." MCL 206.115; MSA 7.557(1115).

Finally,

" 'Business income' means income arising from transactions, activities and sources in the regular course of the taxpayer's trade or business and includes income from tangible and intangible property if the acquisition, rental, management and disposition of the property constitutes integral parts of the taxpayer's regular trade or business operations." MCL 206.4(2); MSA 7.557(104)(2).

Plaintiffs claim that the foregoing provisions dictate that distributions from out-of-state subchapter S corporations to Michigan residents are not includable in the latters' income subject to the Michigan income tax.

"The property, payroll, and sales factors represent the percentage of the total property, payroll, or sales of the business used, paid, or made in this state. MCL 206.116; MSA 7.557(1116), MCL 206.119; MSA 7.557(1119), MCL 206.121; MSA 7.557(1121). Each factor in the present case is zero; thus, the fraction specified by § 115 is 0/3, and none of the taxpayers' income from the limited partnership is attributable to Michigan." *Grunewald, supra,* p 606.

However, such a result in this case requires a finding that subchapter S distributions are "business income". Yet, it is clear that those distributions do not arise "in the regular course of the taxpayer's trade or business" as the taxpayers in this case are the plaintiffs, not the corporation. The trade or business is carried on by the corporation, not by the shareholders. Likewise, plaintiffs are not subject to franchise taxes in other states. Rather, it is the corporation which is subject to

such taxes. Further, although Congress's intent in enacting subchapter S may have been to treat shareholders in small corporations more like partners, it is clear that distributions from such corporations are treated like dividends while net operating losses are treated as deductions in a trade or business.

"(1) For the purposes of this act, the words, terms and phrases set forth in this chapter and their derivations have the meaning given therein. When not inconsistent with the context, words used in the present tense include the future, words in the plural number include the singular number, and in the singular number include the plural. 'Shall' is always mandatory and 'may' is always discretionary.

"(2) Any term used in this act shall have the same meaning as when used in comparable context in the laws of the United States relating to federal income taxes unless a different meaning is clearly required. Any reference in this act to the internal revenue code shall include other provisions of the laws of the United States relating to federal income taxes.

"(3) It is the intention of this act that the income subject to tax be the same as taxable income as defined and applicable to the subject taxpayer in the internal revenue code, except as otherwise provided in this act." MCL 206.2; MSA 7.557(102).

Thus, distributions from out-of-state subchapter S corporations to Michigan residents are not "income from business activity" but, rather, are "dividends * * * allocable to this state" and includable in taxable income. Conversely, net operating losses should be treated as deductions in a trade or business, *i.e.,* deductible only in the state where the business activity takes place, and *Craighead, supra,* appears to be wrongly decided.

Consequently, the trial court did not err by affirming the tax assessment against plaintiffs.

Affirmed.