CHOCOLA v DEPARTMENT OF TREASURY

Docket No. 67403. Submitted May 11, 1983, at Lansing.—Decided March 20, 1984. Leave to appeal granted, 419 Mich 876.

Petitioners, J. Byron Chocola and Caryl M. Chocola, are Michigan residents who are shareholders of an Indiana small business corporation which has elected federal tax treatment under subchapter S of the Internal Revenue Code. Petitioners subtracted the distributions which they received from the corporation from their adjusted gross incomes on their 1975 and 1976 Michigan individual income tax returns and included the distributions on their 1975 and 1976 Indiana nonresident income tax returns. Subsequently, the respondent, Michigan Department of Treasury, disallowed the subtractions from the Michigan returns and issued an assessment. Petitioners then filed a petition with the State Board of Tax Appeals in which they contested the assessment. The board ruled that the distributions were dividends allocable entirely to Michigan and were subject to Michigan tax. The board also ruled that the petitioners were entitled to a credit against their Michigan tax liability for taxes paid to the State of Indiana. Petitioners appeal and the respondent cross-appeals. *Held:*

1. Chapter 3 of the Michigan Income Tax Act of 1967 provides that in the case of resident individuals such as the petitioners all taxable income from any source whatsoever is allocable to Michigan with the exception of that income attributable to another state under the provisions of §§ 111-115 of the act. One of these exceptions provides that dividends are alloca-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 33 Am Jur 2d, Federal Taxation ¶ 1061 *et seq.*
 71 Am Jur 2d, State and Local Taxation §§ 497-506.
[2] 71 Am Jur 2d, State and Local Taxation §§ 576, 577.
[3] 71 Am Jur 2d, State and Local Taxation § 497 *et seq.*
[4] 33 Am Jur 2d, Federal Taxation ¶ 2025 *et seq.*
[5, 7] 71 Am Jur 2d, State and Local Taxation §§ 258, 572, 587.
[6] 33 Am Jur 2d, Federal Taxation ¶ 2052 *et seq.*
[8] 71 Am Jur 2d, State and Local Taxation § 549.

ble to Michigan if the taxpayer is a resident. Another exception provides a three-factor apportionment formula for all business income.

2. The distributions to its shareholders from a small business corporation which has elected subchapter S tax treatment is business income and is, therefore, subject to the three-factor apportionment formula of § 115 of the Income Tax Act of 1967. This panel of the Court of Appeals believes that another panel's holding to the contrary in *Wilson v Dep't of Treasury*, 122 Mich App 711 (1983), was an incorrect result and should be overruled.

3. The term business income includes both positive and negative business results. Both subchapter S corporation distributions and net operating losses are used in determining federal adjusted gross income and are subject to the apportionment rules of § 115 of the Income Tax Act of 1967.

4. There is no reason to require that an individual taxpayer himself be the one conducting the actual operation of the subchapter S corporation's business which generates the return on the taxpayer's investment in order to consider such return busines income.

5. The board correctly determined that the petitioners are entitled to a credit pursuant to § 255 of the Income Tax Act of 1967 for the payment of Indiana tax on income that is finally subjected to tax in Michigan.

Reversed and remanded for a recomputation of petitioner's Michigan tax liability.

1. Taxation — Income Tax — Adjusted Gross Income — Subchapter S Corporations — Business Income — Corporation Distributions — Net Operating Losses — Treasury Regulations.

The starting point for the computation of Michigan taxable income for an individual is that person's federal adjusted gross income; both subchapter S corporation distributions and net operating losses are used in determining federal adjusted gross income and this figure remains unchanged for the determination of Michigan taxable income unless a specific adjustment under § 30 of the Income Tax Act of 1967 is applicable; the only applicable provision affecting an adjustment of this figure is that regarding business income, including both positive and negative results (MCL 206.30[1][j], 206.115; MSA 7.557[130][1][j], 7.557[1115]; Treas Reg §§ 1.1373.1-1.1374[b]).

2. TAXATION — INCOME TAX — BUSINESS INCOME — ALLOCATION AND APPORTIONMENT.

The Income Tax Act of 1967 establishes allocation and apportionment rules for taxpayers having income from business activity which is taxable both within and without Michigan and provides that in the case of resident individuals all taxable income from any source whatsoever is allocable to Michigan with the exception of that income attributable to another state under the provisions of §§ 111-115 of the act (MCL 206.103, 206.110[1], 206.111-206.115; MSA 7.557[1103], 7.557[1110][1], 7.557[1111]-7.557[1115]).

3. TAXATION — INCOME TAX — ALLOCATION AND APPORTIONMENT — DIVIDENDS — BUSINESS INCOME.

All taxable income of resident individuals from any source whatsoever is allocable to Michigan with the exception of that income attributable to another state under the provisions of §§ 111-115 of the Income Tax Act of 1967; one of these exceptions provides that dividends are allocable to Michigan if the taxpayer is a resident; another exception provides a three-factor apportionment formula for all business income (MCL 206.110[1], 206.111-206.115; MSA 7.557[1110][1], 7.557[1111]-7.557[1115]).

4. TAXATION — SUBCHAPTER S CORPORATIONS — INCOME TAX — BUSINESS INCOME — ALLOCATION AND APPORTIONMENT — INTERNAL REVENUE CODE.

Distributions to its shareholders from a small business corporation which has elected subchapter S tax treatment is business income for state income tax purposes; such business income, both positive and negative, from an out-of-state subchapter S corporation is subject to the apportionment formula provided in § 115 of the Income Tax Act of 1967 (IRC §§ 1371-1379; MCL 206.115; MSA 7.557[1115]).

5. TAXATION — INCOME TAX — BUSINESS INCOME.

"Business income" for purposes of the Income Tax Act of 1967 means income arising from transactions, activities and sources in the regular course of the taxpayer's trade or business and includes income from tangible and intangible property if the acquisition, rental, management and disposition of the property constitutes integral parts of the taxpayer's regular trade or business operations (MCL 206.4[2]; MSA 7.557[104][2]).

6. TAXATION — SUBCHAPTER S CORPORATIONS — PARTNERSHIPS — INTERNAL REVENUE CODE.

An election by a small business corporation to receive subchapter

S treatment eliminates the federal corporate tax and passes the corporation's gains and losses through to its shareholders for tax purposes; therefore, subchapter S corporations are analogous to partnerships (IRC § 1372[b]).

7. TAXATION — BUSINESS INCOME.

The term "business income" in the Income Tax Act of 1967 includes both positive and negative business results (MCL 206.4[2]; MSA 7.557[104][2]).

8. TAXATION — INCOME TAX — CREDIT FOR OTHER TAXES.

The Income Tax Act of 1967 provides for the allowance of a credit for a resident against the tax otherwise due under the act against the amount of income tax imposed on him for the taxable year by another state or a political subdivision thereof or the District of Columbia on income derived from sources without this state which is also subject to tax under the act (MCL 206.255; MSA 7.557[1255]).

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Darrell A. Lindman*), for petitioners.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *John W. Jackson, Jr.,* Assistants Attorney General, for respondent.

Before: MACKENZIE, P.J., and M. J. KELLY and S. EVERETT,* JJ.

M. J. KELLY, J. Petitioners appeal and respondent cross-appeals from an order of the State Board of Tax Appeals, affirming an income tax assessment for the years 1975 and 1976 and awarding a credit for Indiana income taxes previously paid.

I

Petitioners are Michigan residents. During 1975

* Circuit judge, sitting on the Court of Appeals by assignment.

and 1976, they were shareholders of Brock Manufacturing, Inc., an Indiana small business corporation electing federal tax treatment under subchapter S of the United States Internal Revenue Code, IRC §§ 1371-1379. During this period, Brock was engaged in the manufacture of feed and grain bins for sale in interstate commerce.

In their 1975 and 1976 Michigan individual income tax returns, petitioners subtracted the distributions which they had received from Brock from their adjusted gross incomes. Petitioners included the Brock distributions on their 1975 and 1976 Indiana nonresident income tax returns. Subsequently, the Michigan Department of Treasury disallowed the subtraction of the Brock distributions from petitioners' adjusted gross incomes and issued an assessment.

Petitioners then filed a petition with the State Board of Tax Appeals. The board ruled that the distributions from Brock were dividends allocable entirely to Michigan and were subject to Michigan tax. The board ruled also that petitioners were entitled to a credit against their Michigan tax liability for taxes paid to the State of Indiana.

II

The starting point for computation of Michigan taxable income for an individual is that person's federal adjusted gross income. See MCL 206.30(1); MSA 7.557(130)(1). This figure is subject to an array of adjustments, including, in particular, adjustments resulting from the allocation and apportionment provisions of Chapter 3 of the Income Tax Act of 1967. MCL 206.30(1)(j); MSA 7.557(130)(1)(j).

Chapter 3 establishes allocation and apportionment rules for taxpayers having income from business activity which is taxable both within and without Michigan. MCL 206.103; MSA 7.557(1103). The chapter provides that in the case of resident individuals, such as petitioners in the instant case, all taxable income from any source whatsoever is allocable to Michigan with the exception of that income attributable to another state under the provisions of MCL 206.111-206.115; MSA 7.557(1111)-7.557(1115). MCL 206.110(1); MSA 7.557(1110)(1).

Two of these statutory exceptions are relevant to the instant problem. One is MCL 206.113; MSA 7.557(1113), which provides that "dividends are allocable to this state if the taxpayer is a resident". The other is MCL 206.115; MSA 7.557(1115), which provides a three-factor apportionment formula for "[a]ll business income". The apportionment formula for business income, which considers property, payroll, and sales, would apportion a great deal, if not all, of petitioners' distributions from Brock to the State of Indiana. At issue, therefore, is whether distributions to its shareholders from a small business corporation which has elected subchapter S tax treatment are to be considered "dividends" or "business income". Business income is statutorily defined as:

" 'Business income' means income arising from transactions, activities and sources in the regular course of the taxpayer's trade or business and includes income from tangible and intangible property if the acquisition, rental, management and disposition of the property constitutes integral parts of the taxpayer's regular trade or business operations." MCL 206.4(2); MSA 7.557(104)(2).

III

An election by a small business corporation to receive subchapter S treatment eliminates the federal corporate tax and passes the corporation's gains and losses through to its shareholders for tax purposes. IRC § 1372(b); see Bittker & Eustice, Federal Income Taxation of Corporations and Shareholders (4th ed), ¶¶ 6.05-6.09. Subchapter S corporations, therefore, are analogous to partnerships. Indeed, as Bittker and Eustice explain, one announced purpose of the subchapter S legislation was to allow "businesses to select their legal forms free of undue tax influence". Bittker & Eustice, *supra,* ¶ 6.01, p 6-2.

The term "business income" includes both positive and negative business results. *Grunewald v Dep't of Treasury,* 104 Mich App 601, 604; 305 NW2d 269 (1981), *lv den* 412 Mich 875 (1981). Conversely, there is no tax concept of a "negative dividend" for shareholders of non-subchapter S corporations. The distributions passed on from a subchapter S corporation to its shareholders, therefore, are more akin to the concept of "business income" rather than to "dividends". This conclusion is supported by the fact that subchapter S shareholders must include in their gross income their pro-rata percentage of all undistributed taxable income of the corporation. See IRC § 1373. This "return" from a subchapter S corporation cannot properly be considered a dividend, as the shareholder receives no cash or check from the corporation, only a paper profit or an account status notice. The return is more properly considered business income, similar to the return a partner receives from undistributed partnership income. See generally IRC §§ 701, 702.

Distributions from partnerships, both gains and

losses, have been held to be "business income" subject to Michigan's three-factor apportionment formula. See *Grunewald.* Due to the striking similarity between subchapter S income and partnership income, and the lack of similarity between subchapter S income and the concept of dividends, we hold that subchapter S income is "business income" and, therefore, is subject to the apportionment formula provided at MCL 206.115; MSA 7.557(1115).

## IV

Our holding is consistent with current rules promulgated by the Department of Treasury. Effective April 5, 1978, 1979 AC, R 206.12(17)-(20) provide that:

"(17) All distributive income from a subchapter S corporation includable in the shareholder's adjusted gross income is subject to tax if allocated or apportioned to Michigan.

"(18) Dividend distributions taxable as ordinary income, plus undistributed income taxable as ordinary income, are apportioned to Michigan if all of the corporation's business activities are confined to Michigan. If the corporation is taxable both within and without Michigan, such income is apportioned to Michigan as provided in sections 115 to 195 of Act No. 281 of the Public Acts of 1967, as amended.

"(19) Dividend distributions taxable as long-term capital gains and undistributed long-term capital gains are allocated as follows:

"(a) Capital gains from the disposition of real property are allocated to Michigan if the property is located in Michigan.

"(b) Capital gains from the disposition of tangible personal property are allocated to Michigan if the property has a situs in Michigan at the time of sale.

"(c) Capital gains from the sale of intangible personal

property are allocated to Michigan when received by a Michigan resident.

"(20) Distributive income from a subchapter S corporation not allocated or apportioned to Michigan may be claimed as a subtraction from adjusted gross income. Conversely, losses not allocated or apportioned to Michigan shall be added to adjusted gross income."

Although these administrative rules were not in force in 1975 and 1976, the tax years pertinent to the instant case, the rules make clear that income received from an out-of-state subchapter S corporation is to be apportioned rather than entirely included in a resident taxpayer's gross income. Indeed, it is only when "the corporation's business activities are confined to Michigan" that a shareholder's income from a subchapter S corporation is attributable solely to Michigan. 1979 AC, R 206.12(18).

## V

This decision creates a split of authority on the Court. Our holding is directly contrary to another panel of this Court's decision in *Wilson v Dep't of Treasury*, 122 Mich App 711; 333 NW2d 3 (1982), *lv den* 417 Mich 967 (1983). We believe that *Wilson* reached an incorrect result and that it should be overruled.

*Wilson* relied for its conclusion in part on dicta found in *Grunewald, supra,* p 607, where, in discussing a decision of the Board of Tax Appeals in another case, the Court stated that "we agree with the board's treatment of subchapter S distributions as corporate dividends". The decision of the board discussed in *Grunewald,* however, was based on a statute, subsequently repealed in 1975, which required shareholders in a subchapter S corporation

to include their proportionate share of the corporation's taxable income in their gross income for state tax purposes without distinguishing between in-state and out-of-state subchapter S corporations. We do not believe that the dicta found in *Grunewald* is adequate support for the result reached in *Wilson.* Rather, we believe that the repeal of a statute which required inclusion of all subchapter S corporation income in a resident shareholder's gross income without regard to the location of the corporation lends support to our conclusion that income received from an out-of-state subchapter S corporation must be apportioned in accordance with the current statutory scheme covering business income.

In addition, *Wilson* reaches an untenable conclusion that positive subchapter S flow-throughs are to be considered dividends while negative flow-throughs are to be considered as deductions arising in a trade or business, *i.e.,* business income. The effect of *Wilson* on a resident taxpayer having an interest in an out-of-state subchapter S corporation is to have his gain taxed in Michigan but to have his losses attributed to another state. We find no support in Michigan's Income Tax Act of 1967 for such a dubious result.

As noted earlier, the starting point for computation of Michigan taxable income for an individual is federal adjusted gross income. Both subchapter S corporation distributions and net operating losses are used in determining federal adjusted gross income. See Treas Reg §§ 1.1373-1, 1.1374-1(b). Thus, unless a specific adjustment under MCL 206.30; MSA 7.557(130) is applicable, the figures remain unchanged in determining Michigan taxable income. The only adjustment potentially affecting these figures is found at MCL 206.30(1)(j);

MSA 7.557(130)(1)(j), in regard to adjustments from the allocation and apportionment provisions of Chapter 3. The only provision of Chapter 3 affecting an adjustment is MCL 206.115; MSA 7.557(1115), regarding the allocation of "business income". As noted in *Grunewald, supra,* p 604, income includes both positive and negative business results. Any allocation of income is also an allocation of losses attributable to the same activity. Accordingly, either subchapter S corporation distributions and subchapter S corporation net operating losses are "business income" in the hands of the shareholder and, therefore, subject to the adjustment resulting from formulary apportionment or both distributions and losses are not "business income" and not subject to adjustment. At oral argument in the instant case, petitioners and the Department of Treasury opined that *Wilson* was incorrect in its inconsistent treatment of gains and losses.

Further, the Court in *Wilson* reasoned that subchapter S distributions cannot be "business income" as that term is statutorily defined because the "business" is carried on by the corporation, not by the shareholders-taxpayers. We see no reason for requiring that the individual taxpayer himself be the one conducting the actual operation of the business which generates the return on the taxpayer's investment. The shareholder owns the business. Indeed, the taxpayers in *Grunewald,* found to have "business income" subject to apportionment, were limited partners. Limited partners are basically investors in, rather than operators of, the partnership. See 60 Am Jur 2d, Partnership, § 370, p 253. We find no significant difference between limited partners and subchapter S corporation shareholders.

Finally, the *Wilson* Court did not consider the Department of Treasury's own administrative rules regarding subchapter S flow-throughs. The rules require apportionment, see 1979 AC, R 206.12(18), and consistent treatment of both gains and losses, see 1979 AC, R 206.12(20).

We therefore depart from the holding in *Wilson*. Subchapter S corporation business income, both positive and negative, is subject to the statutory apportionment rules.

## VI

Having reached the above result, we find it unnecessary to address petitioners' argument that the multistate tax compact, MCL 205.581 *et seq.;* MSA 4.146(101) *et seq.,* is applicable.

## VII

Finally, we agree with the board that petitioners are entitled to a credit, pursuant to MCL 206.255; MSA 7.557(1255), for the payment of Indiana tax on income that is finally subjected to tax in Michigan.

Reversed and remanded for recomputation of petitioners' Michigan tax liability in accordance with MCL 206.115-206.119; MSA 7.557(1115)-7.557(1119) and this opinion. No costs, a public question being involved.