James G. COLLINS et ux *v.*
Walter SKELTON, Assistant Director of Revenues

74-90                                                512 S.W.2d 542

Opinion delivered July 15, 1974

[Rehearing denied September 9, 1974.]

*Hubbard, Patton, Peek, Haltom & Roberts,* by: *William B. Roberts; Smith, Williams, Friday, Eldredge & Clark,* by: *Byron M. Eiseman, Jr.* and *Lewis H. Mathis,* for appellants.

*Walter Skelton, Karl Glass, Terry Little, John Gautney* and *Harlan Ray Hodnett,* for appellee.

GEORGE ROSE SMITH, Justice. The appellants, residents of Texarkana, Arkansas, in filing their 1971 joint state income tax return, omitted three items of income derived from sources in Texas. The appellee's predecessor in office considered the omitted items to be taxable and assessed a deficiency of $917.47. The taxpayers, pursuant to Ark. Stat. Ann. § 84-2038 (Repl. 1960), petitioned for a judicial review of the deficiency assessment. By a plenary decree the chancellor sustained the deficiency assessment with respect to the largest item. By summary judgment, however, the chancellor set aside the deficiency assessment with respect to the two smaller items. An appeal and cross appeal bring up all three issues for review. The questions presented, which turn upon the proper interpretation of our income tax laws, must be separately discussed.

First, the Cannon & Parker partnership income. The direct appeal questions the chancellor's conclusion that this item was taxable. The appellant James G. Collins owned as an investment an interest in Cannon & Parker, a partnership operating a retail clothing store in Lufkin, Texas. The partnership engaged in no business activity in Arkansas. Collins, whose partners occasionally asked him for advice, received $11,274.99 as his share of the profits earned in 1971.

The chancellor was right in holding this item to be taxable. Our statute contains a sweeping levy of the tax "with respect to the entire income of every resident." Ark. Stat. Ann. § 84-2003. The state's power to tax the out-of-state in-

come of an Arkansas resident was discussed and sustained in *Morgan* v. *Cook*, 211 Ark. 755, 202 S.W. 2d 355 (1947). The inequities of double taxation are avoided by Section 84-2017, which gives the taxpayer credit, up to our own rates of taxation, for income taxes owed to another state upon income derived from sources within that state. It is conceded that Texas levied no income tax in 1971; so Collins was not entitled to the statutory credit.

We cannot sustain the appellants' argument that the income in question is exempted from taxation by the Uniform Division of Income for Tax Purposes Act, which we adopted as Act 413 of 1961. Ark. Stat. Ann. §§ 84-2055 *et seq.* (Supp. 1973). That statute applies to income "from business activity which is taxable both within and without this state." Section 84-2056. It is clear that the taxable business activity must take place in two or more states (including Arkansas), because the act apportions taxable income to Arkansas upon a percentage basis determined by comparing the taxpayer's property, payrolls, and sales in Arkansas with his total property, payrolls, and sales. Sections 84-2063 to -2071. Since Cannon & Parker had no business activity in Arkansas in 1971, the act was not intended to apply to the income now in question. Nor can the appellants derive any benefit from Arkansas Income Tax Regulation, Art. 3, § 84-2018.1, because that regulation merely repeats the three-part apportionment formula that is contained in the Uniform Act just mentioned.

Second, the Collins & Williams Leasing Company partnership income. The cross appeal challenges the chancellor's conclusion that this income, in the amount of $1,615.79, was not taxable. Apparently the chancellor, in entering a summary judgment for the taxpayer, assumed that the Texas partnership was connected with a different partnership, Collins & Williams, which operated a clothing store in Texarkana, Arkansas. As we read the testimony, the Collins & Williams Leasing Company was an independent Texas partnership that was formed for the sole purpose of leasing certain personal property in Texas. If so, this item of income falls within the same category as the income from Cannon & Parker, previously discussed. In any event,

however, there is an issue of fact; so the entry of a summary judgment was error. That phase of the case will be remanded.

Third, the rental income from real property owned by Collins in Texas. The cross appeal also questions the summary judgment in favor of the taxpayers with respect to income of $86.14 received as rent from real property owned by Collins in Texas. Such income was formerly excluded by Act 162 of 1943, compiled as Ark. Stat. Ann. § 84-2018 (Repl. 1960). That exclusion, however, was repealed by Act 75 of 1969, compiled as § 84-2018 of the 1973 Supplement. We can find no basis for the summary judgment exempting this rental income from taxation. In fact, the appellants do not mention this trivial item either in their brief in chief or in their reply brief. Since the rental income appears to be *prima facie* taxable under Section 84-2003(a), this phase of the case will also be remanded.

Affirmed in part and reversed and remanded in part.