GRUNEWALD v DEPARTMENT OF TREASURY

WORTLEY v DEPARTMENT OF TREASURY

Docket Nos. 50446, 50447. Submitted December 4, 1980, at Lansing.—
Decided March 16, 1981. Leave to appeal applied for.

Carson C. Grunewald and Nancy Grunewald and Alfred C. Wort-
ley, Jr., and Elizabeth R. Wortley appealed assessments by the
Michigan Department of Treasury to the Board of Tax Appeals
following disallowances by the department of certain business
losses used in the computation of their Michigan taxable in-
come. The board upheld the decisions of the department. Plain-
tiffs then brought actions in the Court of Claims to recover the
taxes paid pursuant to the assessments. The cases were com-
bined, and defendant moved for summary judgment, which
motion was granted, James G. Fleming, J. Plaintiffs appeal,
alleging that the Court of Claims erred in granting defendant's
motion and that their Pennsylvania partnership losses should
be allocated to Michigan so as to reduce the amount of income
subject to Michigan income tax. *Held:*

The department properly refused to allocate the partnership
losses to Michigan. The partnership was formed under Pennsyl-
vania law and was subject to Pennsylvania income tax. The
partnership conducted no business in Michigan, and no per-
centage of the total property, payroll, or sales of the business
was used, paid or made in Michigan. Thus, under the appor-
tionment formula of the Income Tax Act, none of the loss was
attributable to Michigan. The Court of Claims properly granted
defendant's motion.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 71 Am Jur 2d, State and Local Taxation § 483.
[2] 71 Am Jur 2d, State and Local Taxation §§ 258, 572.
[3] 71 Am Jur 2d, State and Local Taxation § 271.
[4] 71 Am Jur 2d, State and Local Taxation §§ 185, 483.
[5-7] 71 Am Jur 2d, State and Local Taxation §§ 576, 577.
[8] 71 Am Jur 2d, State and Local Taxation §§ 497-506.
[9] 73 Am Jur 2d, Statutes §§ 168, 172.

1. TAXATION — INCOME TAX ACT — INCOME — WORDS AND PHRASES
— STATUTES.

"Income" for purposes of applying the Michigan Income Tax Act includes both positive and negative business results, and any allocation of income is also an allocation of losses attributable to the same activity (MCL 206.1 *et seq.;* MSA 7.557[101] *et seq.).*

2. TAXATION — INCOME TAX ACT — BUSINESS INCOME — WORDS AND PHRASES — STATUTES.

"Business income" under the Michigan Income Tax Act is income arising from transactions, activities, and sources in the regular course of a taxpayer's trade or business and includes income from tangible and intangible property if the acquisition, rental, management, and disposition thereof constitutes integral parts of the taxpayer's trade or business operations (MCL 206.4[2]; MSA 7.557[104][2]).

3. TAXATION — PARTNERSHIP INCOME.

Income derived from the undertakings of a limited partnership is treated as business income for the purposes of computing Michigan taxable income.

4. TAXATION — INCOME TAX ACT — TAXABLE INCOME — WORDS AND PHRASES — STATUTES.

Computation of Michigan taxable income for an individual is based on the individual's Federal adjusted gross income subject to certain statutorily prescribed adjustments (MCL 206.30[1]; MSA 7.557[130][1]).

5. TAXATION — INCOME TAX ACT — FOREIGN SOURCES OF INCOME — NET INCOME — STATUTES.

The net income of a taxpayer who derives income from business activity taxable within and without Michigan, other than the rendering of purely personal services by an individual, must be allocated and apportioned as prescribed by the Income Tax Act (MCL 206.103; MSA 7.557[1103]).

6. TAXATION — INCOME TAX ACT — FOREIGN TAXATION — STATUTES.

A Michigan taxpayer is taxable in another state for purposes of applying the Income Tax Act where that state has jurisdiction to subject him to an income tax whether or not it does so subject him (MCL 206.105; MSA 7.557[1105]).

7. TAXATION — INCOME TAX ACT — APPORTIONMENT OF LOSSES — STATUTES.

Business losses sustained by an out-of-state limited partnership for business activities conducted outside the State of Michigan

may not be taken into account by a Michigan resident partner in computing his income subject to Michigan income tax where, applying the apportionment procedure of the Income Tax Act, no portion of the property, payroll, or sales of the business was used, paid, or made in Michigan (MCL 206.115, 206.116, 206.119, 206.121; MSA 7.557[1115], 7.557[1116], 7.557[1119], 7.557[1121]).

8. TAXATION — INCOME TAX ACT — CORPORATE DIVIDENDS — PART-NERSHIP INCOME — STATUTES.
    Subchapter S distributions for purposes of computing a resident taxpayer's income subject to Michigan income tax are equiva-lent to corporate dividends and are allocated to Michigan, but partnership income is not so allocated (MCL 206.113; MSA 7.557[1113]).

9. COURTS — JUDICIAL CONSTRUCTION.
    Courts, in interpreting an obscure statute, should give great weight to the practical construction given the statute by those charged with its administration.

*Bodman, Longley & Dahling* (by *James A. Smith* and *Charles N. Raimi*), for plaintiff.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *Richard R. Roesch*, Assistant Attorney General, for defendant.

Before: DANHOF, C.J., and M. F. CAVANAGH and MacKENZIE, JJ.

DANHOF, C.J. In this appeal, we address the question whether a Michigan resident is entitled to take into account his distributive share of losses sustained by an out-of-state limited partnership in computing his income subject to the Michigan income tax.

During 1969 and 1970, plaintiffs, Carson C. Gru-newald and Alfred C. Wortley, Jr., Michigan resi-dents, were limited partners in Liberty Park De-velopment Company (Liberty Park). Liberty Park was a limited partnership formed under Pennsyl-

vania law for the purpose of acquiring and operating an apartment project in that state. It conducted no business in Michigan. In 1969 and 1970, Liberty Park sustained net partnership losses. Plaintiffs-taxpayers filed joint state and Federal tax returns for these two years. On the Federal returns, the taxpayers deducted their distributive shares of the partnership losses in determining adjusted gross income. In computing taxable income on the state tax returns, the taxpayers carried over the Federal adjusted gross income figures without making any adjustments for the limited partnership losses. Defendant, Michigan Department of Treasury, issued assessments against plaintiffs, claiming that the limited partnership losses were attributable to Pennsylvania and could not be used to reduce income subject to the Michigan income tax. Thus, the treasury required the taxpayers to add their shares of the Liberty Park losses back into their Federal adjusted gross income figures for 1969 and 1970 in computing Michigan taxable income. Plaintiffs appealed unsuccessfully to the Board of Tax Appeals and the Court of Claims, and this appeal followed.

We begin our analysis of the relevant provisions of the Income Tax Act of 1967, MCL 206.1 *et seq.;* MSA 7.557(101) *et seq.,* with two preliminary findings. First, we agree with the Board of Tax Appeals finding that the term "income" in the act includes both positive and negative business results. Therefore, any allocation of income is also an allocation of losses attributable to the same activity. Second, the Board of Tax Appeals and the Court of Claims assumed that the taxpayers' income from the limited partnership was business income. Section 4(2) of the act, MCL 206.4(2); MSA 7.557(104)(2) states:

" 'Business income' means income arising from transactions, activities and sources in the regular course of the taxpayer's trade or business and includes income from tangible and intangible property if the acquisition, rental, management and disposition of the property constitutes integral parts of the taxpayer's regular trade or business operations."

The taxpayers do not argue on appeal that the limited partnership income was nonbusiness income. Such income has been treated as business income in other jurisdictions, *Collins v Skelton*, 256 Ark 955; 512 SW2d 542 (1974), *Friedell v Comm'r of Taxation*, 270 NW2d 763 (Minn, 1978), and we hold such treatment was proper in the instant case.

The starting point for computation of Michigan taxable income for an individual is Federal adjusted gross income; however, the two figures are not necessarily identical in all cases. See, *Production Credit Ass'n of Lansing v Dep't of Treasury*, 404 Mich 301, 311-312; 273 NW2d 10 (1978). Some adjustments to the Federal figure are specified in § 30 of the act which provides:

"'Taxable income' in the case of a person other than a corporation, an estate, or trust means adjusted gross income as defined in the internal revenue code subject to the following adjustments * * *." MCL 206.30(1); MSA 7.557(130)(1).

Eleven adjustments are listed. The dispute in the instant case concerns the applicability of adjustment (j), which reads: "Adjustments resulting from the allocation and apportionment provisions of chapter 3."

The first relevant provision of chapter 3 is § 103, which states:

"Any taxpayer having income from business activity

which is taxable both within and without this state, other than the rendering of purely personal services by an individual, shall allocate and apportion his net income as provided in this act." MCL 206.103; MSA 7.557(1103).

The limited partnership income in the present case falls under the category of income from business activity taxable both within and without this state. A taxpayer is taxable in another state where that state has jurisdiction to subject him to an income tax, whether it does so or not. MCL 206.105; MSA 7.557(1105). Pennsylvania has jurisdiction to tax the limited partnership income earned in that state. *Shaffer v Carter,* 252 US 37; 40 S Ct 221; 64 L Ed 445 (1920).

Section 115 of the Income Tax Act sets forth the apportionment procedure as follows:

"All business income, other than income from transportation services, shall be apportioned to this state by multiplying the income by a fraction, the numerator of which is the property factor plus the payroll factor plus the sales factor, and the denominator of which is 3." MCL 206.115; MSA 7.557(1115).

The property, payroll, and sales factors represent the percentage of the total property, payroll, or sales of the business used, paid, or made in this state. MCL 206.116; MSA 7.557(1116), MCL 206.119; MSA 7.557(1119), MCL 206.121; MSA 7.557(1121). Each factor in the present case is zero; thus, the fraction specified by § 115 is 0/3, and none of the taxpayers' income from the limited partnership is attributable to Michigan.

Plaintiffs argue that the treasury's position is inconsistent with the holding of the Board of Tax Appeals, in *Craighead v Dep't of Treasury,* Mich

Tax Rep (CCH), ¶ 200-751 (1978), that Michigan shareholders in a Colorado subchapter S corporation could deduct their shares of the corporation losses in computing taxable income for the Michigan income tax. The board relied in part on a since-repealed statute which required shareholders in subchapter S corporations to include their proportionate share of the corporation taxable income in their income for state income tax purposes without distinguishing between in-state or out-of-state subchapter S corporations. MCL 206.81; MSA 7.557(181), repealed by 1975 PA 233. The board also suggested that subchapter S distributions are equivalent to corporate dividends which are allocated to this state where the taxpayer is a resident, MCL 206.113; MSA 7.557(1113). Finally, the board found no basis for application of the allocation and apportionment provisions of the Income Tax Act to subchapter S distributions.

It is true that in *Craighead,* the board attributed losses from business activity conducted outside of the state to Michigan as the taxpayers argue should be allowed in the present case. Plaintiffs claim that the substantive similarity between limited partnerships and subchapter S corporations requires that income from the two types of entities receive similar tax treatment. While we agree with the board's treatment of subchapter S distributions as corporate dividends, we cannot make the same analogy with limited partnership income because partnership income has always been taxed as income to the partners rather than at the partnership level.

Finally, we are guided in this case by the principle of statutory interpretation that the practical construction given to obscure statutes by those charged with their administration will be given

great weight. *Roosevelt Oil Co v Secretary of State,* 339 Mich 679; 64 NW2d 582 (1954).

We find that application of the allocation and apportionment provisions by the treasury was not improper and affirm the judgment of the Court of Claims.

Affirmed. No costs, a public question.