JAFFE v DEPARTMENT OF TREASURY

Docket No. 100975. Submitted March 15, 1988, at Lansing. Decided July 26, 1988. Leave to appeal applied for.

The Department of Treasury assessed Morton H. Jaffe, doing business as Morton Jaffe Associates, additional income taxes and interest penalties for the tax years 1981, 1982 and 1983. The department determined that Jaffe's advertising operation in Michigan and cattle operation in Texas were not a unitary business and that Jaffe could not therefore offset losses from the cattle operation against revenues from the advertising operation for the years in question. On Jaffe's petition for review, the Tax Tribunal affirmed the assessment. Petitioner appealed.

The Court of Appeals *held:*

1. Factors to be considered in determining whether the operations of a multistate business are unitary or separate and distinct for purposes of application of apportionment formulas for income taxation include: (1) economic realities of the business operations; (2) functional integration of the business operations; (3) whether there is centralized management; (4) economies of scale; and (5) whether substantial mutual interdependence exists between the operations. In this case, competent, material and substantial evidence on the whole record supports the Tax Tribunal's finding that petitioner met only the centralized management criterion and that petitioner's operations were therefore not unitary.

2. Income or loss from petitioner's cattle operation constitutes business income or loss which may not be allocated to Michigan as nonbusiness income.

Affirmed.

1. TAXATION — TAX TRIBUNAL — APPEAL.

Appellate review of a Tax Tribunal decision is limited to determining whether the decision was supported by law and whether the findings of fact were supported by competent, material and substantial evidence on the whole record.

REFERENCES

Am Jur 2d, State and Local Taxation §§ 576, 577, 603 *et seq.*
See the Index to Annotations under Taxes.

2. TAXATION — TAX TRIBUNAL — APPEAL — BURDEN OF PROOF.

The burden of proof in an appeal from an assessment, decision or order of the Tax Tribunal is on the appellant.

3. TAXATION — INCOME TAX — MULTISTATE BUSINESSES — APPORTIONMENT.

Factors to be considered in determining whether the operations of a multistate business are unitary or separate and distinct for purposes of application of apportionment formulas for income taxation include: (1) economic realities of the business operations; (2) functional integration of the business operations; (3) whether there is centralized management; (4) economies of scale; and (5) whether substantial mutual interdependence exists between the operations.

*Maurice S. Reisman,* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Russell E. Prins,* Assistant Attorneys General, for respondent.

Before: GRIBBS, P.J., and BEASLEY and G. A. DRAIN,* JJ.

PER CURIAM. Petitioner Morton H. Jaffe, doing business as Morton Jaffe Associates, appeals as of right from a May 18, 1987, judgment of the Michigan Tax Tribunal, which sustained respondent Department of Treasury's decision and order assessing additional individual income tax and interest penalties totaling $38,556.93 for tax years 1981, 1982 and 1983. This disputed assessment arises from the department's determination that Jaffe's cattle operation and advertising activities were not a unitary business, and that therefore Jaffe could not offset beef-production losses against his advertising revenues for the years in question.

Petitioner argues on appeal that the hearing

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

officer misapplied the five-factor unitary business test since the findings of fact were not supported by substantial evidence. Plaintiff also asserts that the tribunal committed error requiring reversal in failing to apply the standards set forth by the United States Supreme Court to determine a unitary business.

Appellate review of a Tax Tribunal decision is limited to determining whether the decision was supported by law and whether the findings of fact were supported by competent, material and substantial evidence on the whole record. *Master Craft Engineering, Inc v Dep't of Treasury,* 141 Mich App 56, 68; 366 NW2d 235 (1985). "Substantial evidence" must be more than a scintilla of evidence, although it may be substantially less than the preponderance of the evidence required for most civil cases. *Russo v Dep't of Licensing & Regulation,* 119 Mich App 624, 631; 326 NW2d 583 (1982). The burden of proof in an appeal from an assessment, decision, or order of the Tax Tribunal is on the appellant. *Holloway Sand & Gravel Co, Inc v Dep't of Treasury,* 152 Mich App 823, 831, n 1; 393 NW2d 921 (1986).

In order to qualify as a unitary business and justify apportioning his multistate business income, Jaffe carried the burden of establishing a nexus between his Michigan advertising activities and the cattle operation in Texas because, where the attributes of an interstate unitary business are lacking, apportionment provisions do not apply. *Holloway,* pp 829-830, citing *Mobil Oil Corp v Comm'r of Taxes of Vermont,* 445 US 425, 440; 110 S Ct 1223; 63 L Ed 2d 510 (1980), and *F W Woolworth Co v Taxation & Revenue Dep't of New Mexico,* 458 US 354, 372; 102 S Ct 3128; 73 L Ed 2d 819 (1982).

The hearing officer in the instant case deter-

mined that the minimum contact or nexus required to support apportioned taxation was lacking and identified the following five factors in reaching his conclusion: (1) economic realities; (2) functional integration; (3) centralized management; (4) economies of scale; (5) substantial mutual interdependence. The *Holloway* Court credited these five factors with being guideposts in determining whether a multistate business is unitary or discrete.

Since the hearing officer was legally correct in following *Holloway,* which in turn relied on the United States Supreme Court's guideposts in distinguishing unitary businesses, the proper law was applied to Jaffe's business activities. The real issue is whether the hearing officer's findings of fact with regard to the guideposts were supported by competent, material and substantial evidence on the whole record. *Master Craft, supra.*

Jaffe testified that the only two ways in which the two business activities were related were (1) the use of advertisement-generated credit to obtain financing for the cattle operation, and (2) that Jaffe alone managed both activities from his Michigan office.

The hearing officer properly found that there was no functional integration of the activities. Also, he properly found no economies of scale, e.g., no resulting increase in profits or improved allocation of resources when considering the two activities as a unit. The only factor which Jaffe satisfied was that of centralized management. In this regard, Jaffe testified that the Texas feedlot operators were independent contractors with limited discretion to whom Jaffe directed instructions by telephone. Jaffe made virtually every important decision regarding the cattle operation and kept one set of books for both businesses. The hearing

officer properly found that Jaffe met the test for the centralized management factor.

Jaffe argues that the extreme importance of the two business activities' centralized management should have resulted in a finding that the businesses were functionally integrated as well, and unitary in nature. In support of this position, Jaffe quotes *Russell Stover Candies, Inc v Dep't of Revenue*, 665 P2d 198 (Mont, 1983). This Court finds *Russell Stover Candies* to be not only factually distinguishable but nonbinding on this Court.

Further, this Court's review of the tribunal's decision is limited. In short, there was substantial evidence on the record that Jaffe's advertising and cattle operations were not functionally integrated or interdependent and did not share economies of scale. This was evidenced by their only common denominators being Jaffe's control and operation of both businesses.

Aside from the centralized management aspect, the only connection between the two businesses was Jaffe's use of some advertising funds to secure credit for the cattle operation at an Oklahoma bank. The funds used as security were not broken down into "personal" or "advertising" funds at the hearing. Since Jaffe operated a sole proprietorship, presumably all profits derived from any of his business sources were personal, ultimately. Although both businesses were inextricably tied to Jaffe, they were not themselves interdependent. And to a substantial degree, the cattle operation was carried out in Texas rather than Michigan. This Court specifically finds that the tribunal hearing officer did fairly determine that the businesses were not unitary based on the evidence produced by Jaffe.

This Court concludes that the hearing officer

properly determined that Jaffe's advertising activities and cattle operation were not a unitary business. The hearing officer applied the proper standards, and there was substantial evidence on the record to support his decision.

Petitioner next contends that if his cattle operation constituted a separate business, then the losses from that operation should be treated as nonbusiness losses allocable to Michigan.

Jaffe did not make this particular claim before the tribunal. His failure to raise the issue below precludes its consideration by this Court. *Dow Chemical Co v Curtis,* 158 Mich App 347, 352; 404 NW2d 737 (1987), lv gtd 428 Mich 911 (1987).

Moreover, Jaffe's argument that his cattle-operation losses constituted nonbusiness losses and should therefore be allocated to Michigan is without merit. Jaffe's cattle-operation income or loss was business income or loss as defined by the act. Therefore, Jaffe may not allocate such income or loss to Michigan as nonbusiness income or loss.

Affirmed.