MALPASS v DEPARTMENT OF TREASURY

Docket Nos. 299057, 299058, and 299059. Submitted October 4, 2011, at
     Lansing. Decided December 6, 2011. Approved for publication
     January 19, 2012, at 9:10 a.m. Leave to appeal granted, 493 Mich
     864.

   Tad and Brenda L. Malpass (Docket No. 299057), Tracy and Brenda K.
     Malpass (Docket No. 299058), and Fred and Barbara Malpass
     (Docket No. 299059) brought separate actions in the Court of Claims,
     seeking a reversal of the Department of Treasury's decision to deny
     plaintiffs' amended individual income tax returns for the years 2001,
     2002, and 2003. The actions were consolidated. Plaintiffs owned and
     controlled East Jordan Iron Works, Inc. (EJIW), a Michigan corpora-
     tion that operated a foundry in Michigan. Plaintiffs also owned the
     stock of and operated Ardmore Foundry, Inc., a Michigan corporation
     that owned and operated a foundry and distribution center in
     Ardmore, Oklahoma. Both corporations were treated as subchapter S
     corporations for federal tax purposes. In the specified years, plaintiffs
     originally filed their Michigan individual income tax returns treating
     the corporations' respective incomes as if from separate businesses,
     which resulted in income from EJIW being attributed to Michigan
     and Ardmore's losses being attributed to the state of Oklahoma and
     then added back into the plaintiffs' adjusted gross income for Michi-
     gan. Plaintiffs later filed amended returns for those years. They
     requested refunds totaling more than $1 million, claiming that
     EJIW's gains could be offset with Ardmore's losses on the basis of the
     their assertion that EJIW and Ardmore were a unitary business. The
     department denied plaintiffs' amended returns, contending that the
     Income Tax Act, MCL 206.1 *et seq.*, does not allow the unitary-
     business principle to be applied to individual income tax returns
     and that the act did not allow plaintiffs to use a combined-filing
     method based on the unitary-business principle. The court, Paula
     J. Manderfield, J., granted plaintiffs' motion for summary dispo-
     sition, finding that EJIW and Ardmore were a unitary business
     and concluded that although the Legislature had not explicitly
     referred to the unitary-business principle in the Income Tax Act, it
     had adopted the principle because it required all business income
     to be apportioned according to a statutory formula in MCL
     206.115. The department appealed.

The Court of Appeals *held*:

The unitary-business principle provides that a state is allowed to tax a multistate business on the apportioned share of the multistate business it conducted in the taxing state. Under MCL 206.110(1), all taxable income of a resident individual from any source whatsoever, except that which is attributable to another state, is allocated to the state of Michigan. Under Mich Admin Code, R 206.12(4), business income attributed to Michigan and one or more other states is apportioned according to the apportionment formula in MCL 206.115. In order to apply the unitary principle, there must be some sharing or exchange of value not capable of precise identification or measurement that renders formula apportionment a reasonable taxation method. In the absence of an underlying unitary business, multistate apportionment is precluded. To determine whether a multistate business is unitary or discrete, a court must look at (1) economic realities, (2) functional integration, (3) centralized management, (4) economies of scale, and (5) substantial mutual interdependence. The Due Process and Commerce Clauses of the United States Constitution prohibit a state from imposing an income-based tax that taxes value earned outside its borders. Because the corporations were separate and legally distinct business entities, the Court of Claims erred when it concluded that EJIW and Ardmore were a unitary business and on that basis allowed them to combine the income earned from both corporations under MCL 206.115. Plaintiffs' business income came from two separate businesses and had to be apportioned at the entity level to avoid raising due process concerns and applying the Income Tax Act inconsistently. In accordance with Mich Admin Code, R 206.12(3), plaintiffs' income from Ardmore (which included losses) should have been attributed to the state in which the business was conducted: Oklahoma. As a result, the Ardmore income and attendant losses may not be allocated or apportioned to Michigan under the Income Tax Act and should have been added back to plaintiffs' adjusted gross income when calculating plaintiffs' Michigan taxes pursuant to Mich Admin Code, R 206.12(20).

Reversed.

TAXATION — INCOME TAX — MULTISTATE BUSINESSES — SEPARATE AND DISTINCT BUSINESSES — UNITARY BUSINESSES — APPORTIONMENT.

The unitary-business principle provides that a state is allowed to tax a multistate business on the apportioned share of the multistate business it conducted in the taxing state; all taxable income of a resident individual from any source whatsoever, except that which

is attributable to another state, is allocated to the state of Michigan; business income attributed to Michigan and one or more states is apportioned according to the apportionment formula in the Income Tax Act; to apply the apportionment formula, however, there must be some sharing or exchange of value not capable of precise identification or measurement that renders formula apportionment a reasonable taxation method; to determine whether a multistate business is unitary or discrete, a court must look at (1) economic realities, (2) functional integration, (3) centralized management, (4) economies of scale, and (5) substantial mutual interdependence; in the absence of an underlying unitary business, multistate apportionment is precluded and income must be apportioned at the entity level. (MCL 206.110[1], MCL 206.115; Mich Admin Code, R 206.12).

*Warner Norcross & Judd LLP* (by *Jason L. Byrne, Stephen R. Kretschman,* and *Jeffrey W. Bracken*) for Tad and Brenda L. Malpass, Tracy and Brenda K. Malpass, and Fred and Barbara Malpass.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, and *Bradley K. Morton* and *Heidi L. Johnson-Mehney*, Assistant Attorneys General, for the Department of Treasury.

Before: SHAPIRO, P.J., and SAAD and BECKERING, JJ.

PER CURIAM. In this consolidated appeal, the Michigan Department of Treasury (Treasury) appeals the June 9, 2010, judgment of the Court of Claims that reversed Treasury's decision to deny plaintiffs' amended individual income tax returns for the years 2001, 2002, and 2003. For the reasons set forth below, we reverse.

I. FACTS AND PROCEEDINGS

Plaintiffs own and control East Jordan Iron Works, Inc. (EJIW). EJIW is a Michigan corporation with its corporate offices, resident agent, and principal place of

business located at 301 Spring Street, East Jordan,
Michigan. During the years in question, EJIW operated
a foundry in East Jordan. In 1999, plaintiffs established
Ardmore Foundry, Inc. Ardmore is a Michigan corpora-
tion with its resident agent located at 301 Spring Street,
East Jordan. However, Ardmore's sole business is the
ownership and operation of a foundry and distribution
center known as EJIW-Ardmore Foundry, located in
Ardmore, Oklahoma. All of Ardmore's stock is owned
directly, or through trust, by members of the Malpass
family.

Both EJIW and Ardmore have elected to be treated as
S corporations for federal tax purposes. As the trial
court stated, "This means that the two corporations do
not pay federal income taxes. Instead the corporations
income and/or losses are passed through to their share-
holders and reported by those shareholders on their
individual federal and Michigan income tax returns." In
the years 2001, 2002, and 2003, plaintiffs filed their
Michigan individual income tax returns "treating the
corporations' business incomes as if from separate,
non-unitary businesses." Accordingly, plaintiffs appor-
tioned their business income from EJIW attributable to
Michigan and included it as income on their Michigan
individual income tax returns. The losses incurred by
Ardmore were attributed to Oklahoma and added back
into plaintiffs' adjusted gross income for Michigan
individual income tax purposes.

Plaintiffs later filed amended individual income tax
returns for the years 2001, 2002, and 2003. In their
amended returns, plaintiffs treated EJIW and Ardmore as
a unitary business and applied the Michigan apportion-
ment factors to both companies as a unitary business. In
so doing, plaintiffs sought to offset gains earned by EJIW

with losses incurred by Ardmore. Through their amended returns, plaintiffs requested refunds totaling over $1 million.

Treasury denied plaintiffs' amended returns, and plaintiffs filed three actions in the Court of Claims requesting reversal. The three cases were consolidated by stipulation of the parties. After submitting a partial stipulation of facts, Treasury moved for summary disposition and argued that Michigan's Income Tax Act (ITA), MCL 206.1 *et seq.*, does not allow the unitary-business principle to be applied to individual income tax situations. Treasury also asserted that the ITA does not allow plaintiffs to use a combined filing method based on the unitary-business principle.

Plaintiffs opposed Treasury's motion and asked the court to grant summary disposition in their favor. Plaintiffs argued that EJIW and Ardmore are a unitary business and supported the motion with an affidavit from William Lorne, treasurer of EJIW, who averred that the two companies are functionally integrated. After hearing arguments, the Court of Claims issued a written opinion and order dated November 19, 2009, granting summary disposition to plaintiffs. The Court of Claims stated that although the Legislature had not explicitly referred to the unitary-business principle in the ITA, it nonetheless adopted the principle into the act. The court based its conclusion on MCL 206.110(1), which provides, "For a resident individual . . . all taxable income from any source whatsoever, except that attributable to another state under [MCL 206.111 to MCL 206.115] and subject to [MCL 206.255], is allocated to this state." The court noted that MCL 206.111 to MCL 206.114, and MCL 206.255 were not applicable, but MCL 206.115 was. It provides, "All business income, other than income from transportation services shall be

apportioned to this state by multiplying the income by a fraction, the numerator of which is the property factor plus the payroll factor plus the sales factor, and the denominator of which is 3."

Taking MCL 206.110 and MCL 206.115 together, the court stated: "Clearly, based on the plain language set forth in Sections 110 and 115, the Michigan Legislature has adopted the unitary business principle, because it has chosen to require the apportionment of all business income according to a statutory formula." The Court of Claims further observed that the language of MCL 206.115 is so broad that it does not distinguish between unitary and nonunitary businesses. However, the court recognized that the ITA's apportionment formula could only be constitutionally applied to a unitary business. Because it ruled that plaintiffs' businesses are unitary, the court allowed apportionment and ordered Treasury to make the requested refunds.

## II. DISCUSSION

This Court reviews de novo the grant or denial of a motion for summary disposition. *Int'l Business Machines v Dep't of Treasury*, 220 Mich App 83, 86; 558 NW2d 456 (1996). To the extent this appeal requires us to interpret the ITA, our review is also de novo. *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010).

We hold that the Court of Claims erred when it ruled that the unitary-business principle allows plaintiffs to apportion their business income from Ardmore to Michigan.

Although the United States Constitution does not impose a single tax formula on the states, apportionment is often implemented because of the difficulties of attempting to allocate taxable income on the basis of

geographic boundaries. *Allied–Signal, Inc v Dir, Div of Taxation*, 504 US 768, 778; 112 S Ct 2251; 119 L Ed 2d 533 (1992); *Container Corp of America v Franchise Tax Bd*, 463 US 159, 164-165; 103 S Ct 2933; 77 L Ed 2d 545 (1983). Because of these difficulties, states are permitted to tax multistate businesses "on an apportionable share of the multistate business carried on in part in the taxing State." *Allied-Signal*, 504 US at 778. This is known as the "unitary business principle." *Id.* Using the unitary-business principle, Michigan has incorporated an apportionment formula into the ITA. MCL 206.110(1) provides: "For a resident individual, . . . all taxable income from any source whatsoever, except that attributable to another state under [MCL 206.111 to MCL 206.115] and subject to [MCL 206.255], is allocated to this state." As noted, MCL 206.115 provides: "All business income . . . shall be apportioned to this state by multiplying the income by a fraction, the numerator of which is the property factor plus the payroll factor plus the sales factor, and the denominator of which is 3." "The property, payroll, and sales factors represent the percentage of the total property, payroll, or sales of the business used, paid, or made in this state." *Grunewald v Dep't of Treasury*, 104 Mich App 601, 606; 305 NW2d 269 (1981), citing MCL 206.116, MCL 206.119, and MCL 206.121.

For an individual or business to apply the unitary-business principle, there must "be some sharing or exchange of value not capable of precise identification or measurement—beyond the mere flow of funds arising out of a passive investment or a distinct business operation—which renders formula apportionment a reasonable method of taxation." *Container Corp*, 463 US at 166. In the absence of some underlying unitary business, multistate apportionment is precluded. *Holloway Sand & Gravel Co, Inc, v Dep't of Treasury*, 152

Mich App 823, 829-830; 393 NW2d 921 (1986). To determine whether a multistate business is unitary or discrete, this Court looks at (1) economic realities, (2) functional integration, (3) centralized management, (4) economies of scale, and (5) substantial mutual interdependence. *Id.* at 831.

Plaintiffs argue in this case that they are allowed to apportion their income from Ardmore and EJIW because the two corporations form a unitary business. Given Lorne's affidavit, there is no doubt that Ardmore and EJIW have many characteristics of a unitary business. See *Holloway*, 152 Mich App at 830-835. However, they remain separate and legally distinct business entities, and nothing in the ITA allows for combined-entity reporting.

The Court of Claims focused on the word "all" in MCL 206.115 and ruled that it meant that all business income, no matter what the source, must be added together and then apportioned by the apportionment factors. The problem with this approach, which the Court of Claims recognized, is that "[u]nder both the Due Process and the Commerce Clauses of the Constitution, a State may not, when imposing an income-based tax, 'tax value earned outside its borders.'" *Container Corp*, 463 US at 164 (citation omitted). Therefore, under the Court of Claims' approach, in order to comply with due process, business income may only be combined if the separate entities operate in a unitary fashion. If business income is earned from entities that do not operate in a unitary fashion, then the income must be apportioned at the entity level, with each entity analyzed separately. While this approach may be constitutionally permissible, it would cause MCL 206.115 to be applied inconsistently with respect

to different taxpayers.[1] In contrast, a consistent approach would be to apportion all business income at the entity level. That way, if the business conducts multistate activity, the income will be apportioned accordingly. If the business has no nexus to Michigan, none of that income will be attributed to Michigan because its property factor, payroll factor, and sales factor will all be zero. See *Grunewald*, 104 Mich App at 606.

Plaintiffs, however, argue that EJIW's and Ardmore's separate-entity status does not matter because they nonetheless form a unitary business. Plaintiffs rely on *Holloway* and on *Jaffe v Dep't of Treasury*, 172 Mich App 116; 431 NW2d 416 (1988), to support their position. These cases, however, are distinguishable because they did not deal with multiple-entity apportionment. Rather, they each involved a single entity trying to use the unitary-business principle to apportion income for business activities conducted in other states. *Holloway*, 152 Mich App at 826; *Jaffe*, 172 Mich App at 117.

Plaintiffs also rely on rely on *Glieberman v Dep't of Treasury*, 14 MTTR 223 (Docket No. 288104, July 11, 2003), to support their argument that the separate-entity status of EJIW and Ardmore is insignificant. In *Glieberman*, the petitioner was the sole shareholder of

---

[1] The difficulty appears to lie in the ability to consistently apply the unitary-business principle to legally separate entities. For example, a petitioner who holds interests in multiple separate entities could attempt, on one hand, to exclude his or her out-of-state businesses that turn a profit from inclusion and apportionment, while arguing on the other hand that the petitioner's other out-of-state businesses that post a loss should be included and apportioned to his or her advantage. Given the myriad of business organization and management options and the somewhat broad factors used in *Holloway* to determine whether to apply the unitary-business principle, it is difficult to see how the Court of Claims' approach would result in anything other than arbitrary decisions and unnecessarily protracted litigation.

Strathmore Finance Company, Inc., a qualified sub-chapter S corporation. *Id.* at 3. Strathmore was the parent company of Tralon Corporation, a qualified subchapter S subsidiary. *Id.* at 1, 3. Tralon Corporation earned income from two joint venture limited liability corporations (LLCs) located in Arizona and California, which was then passed up to the petitioner through Strathmore. *Id.* at 3-4. Treasury argued that the petitioner's business income from the two LLCs was apportionable to Michigan under the ITA, but the Tax Tribunal held that the income passed up from the LLCs could not be apportioned to Michigan because the LLCs did not form part of a unitary business with Tralon. *Id.* at 9-10.

Plaintiffs argue that the Tax Tribunal did not allow the separate-entity nature of the businesses in *Glieberman* to defeat the ITA's mandate to apportion business income as long the entities form part of a unitary business. Plaintiffs assert that the tribunal indicated apportionment would be required if the entities formed a unitary business, despite the fact that they were legally separate entities. *Glieberman,* however, is distinguishable because it involved a qualified subchapter S subsidiary. Unlike the businesses in *Glieberman,* Ardmore is not a qualified subchapter S subsidiary of EJIW because Ardmore's stock is not owned by EJIW, but "directly or through trusts, by members of the Malpass family." 26 USCS 1361(b)(3)(B)(i). Therefore, plaintiffs' reliance on *Glieberman* is misplaced. Despite the unitary characteristic of EJIW and Ardmore, they are separate legal entities. There is no provision in the ITA that allows individuals to combine their business income from separate businesses and then use a combined apportionment formula on the total.

This is further supported by Treasury rules. Mich Admin Code, R 206.12 provides in relevant part:

(1) Salaries, wages, and other compensation received by a Michigan resident are allocated to Michigan.

\*   \*   \*

(3) Income from a trade or business as defined in [Mich Admin Code] R 206.1 is allocated or apportioned to the state in which the activity takes place.

(4) Business income that is attributable to Michigan and 1 or more other states shall be apportioned as provided in [MCL 206.115 to MCL 206.195].

Starting with the premise that all compensation received by a Michigan resident is allocated to Michigan, which conforms with MCL 206.110(1), Rule 206.12(3) then provides that business income is allocated or apportioned to the state in which the activity took place. Therefore, if a resident earns business income that is derived from another state, it is allocated to that state. However, if the business income is attributable to Michigan and one or more other states, Rule 206.12(4) requires that it be apportioned as calculated by the formula in MCL 206.115.

As applied to this case, plaintiffs' income from Ardmore (which includes losses) is attributed to the state in which the activity took place—Oklahoma. Mich Admin Code, R 206.12(3). Because the losses sustained by Ardmore are not attributable to Michigan, they are not allocated or apportioned to Michigan and are added back to plaintiffs' adjusted gross income. Mich Admin Code, R 206.12(20) ("Distributive income from a subchapter S corporation not allocated or apportioned to Michigan may be claimed as a subtraction from ad-

justed gross income. Conversely, losses not allocated or apportioned to Michigan shall be added to adjusted gross income.").

Plaintiffs rely on this Court's decision in *Preston v Dep't of Treasury*, 292 Mich App 728; 815 NW2d 781 (2011), to support their argument that apportionment is required. That case however, is distinguishable. In *Preston*, the plaintiff owned Life Care Affiliates II (LCA II), a Tennessee limited partnership. *Id.* at 730. LCA II was a general partner in 22 lower level partnerships that operated 27 nursing homes. *Id.* One of the lower level partnerships was Riverview Medical Investors LP (RMI), which owned two nursing homes in Michigan. *Id.* 730-731. The remainder of the partnerships had no business activity in Michigan. *Id.* at 731.

All 22 partnerships distributed gains and losses to LCA II, which in turn distributed the combined income to the plaintiff. When reporting his Michigan income, the plaintiff took the gains received from RMI and offset them with losses suffered by other partnerships. *Id.* Treasury argued that the plaintiff could not offset his Michigan income from RMI with losses incurred by other partnerships because they had no activity in Michigan. *Id.* at 732-733. This Court, however, ruled that apportionment was proper because LCA II operated the partnerships as a unitary business. *Id.* at 734-737.

Plaintiffs assert that *Preston* supports apportionment in this case. *Preston*, however, addressed partnerships, not corporations. And in *Preston*, the 22 lower level partnerships were all operated together through LCA II, which owned a 99 percent interest in the 22 partnerships. Although each of the 22 partnerships were separate entities, they were all joined by LCA II. Therefore, allowing multientity apportionment was not

an issue. Here, again, Ardmore and EJIW are separate business entities. Although they may operate in a unitary fashion, they remain legally separate.

Further, the result in *Preston* was dictated by the ITA and the Treasury regulations. Again, MCL 206.115 provides, "All business income . . . shall be apportioned to this state by multiplying the income by a fraction, the numerator of which is the property factor plus the payroll factor plus the sales factor, and the denominator of which is 3." In *Preston*, the plaintiff's business income came from LCA II and was then apportioned in accordance with the apportionment factors. Also, Rule 206.12(16) provides:

> Distributive share items received by a partner are allocated or apportioned as follows:
>
> (a) Ordinary income is apportioned to Michigan by the partnership apportionment factors provided in [MCL 206.115 to 206.195]."

In *Preston*, the plaintiff was the partner, and his distributed share of income was received from LCA II and then apportioned in accordance with the partnership apportionment factors.

Unlike the plaintiff in *Preston*, plaintiffs here receive business income from two separate businesses. Therefore, they must apportion that income at the entity level. As previously discussed, allowing plaintiffs to combine all their business income from separate entities and then apportion it using the apportionment factors, or alternately requiring other similarly situated taxpayers to do so whether or not the result would be favorable to them, would raise due-process concerns and cause the ITA to be applied inconsistently.

For these reasons, we hold that the court erred by granting summary disposition to plaintiffs and incor-

rectly allowed plaintiffs to combine their business income from separate entities under MCL 206.115.

Reversed.

SHAPIRO, P.J., and SAAD and BECKERING, JJ., concurred.