WINGET v DEPARTMENT OF TREASURY (ON REMAND)

Docket No. 302190. Submitted October 22, 2013, at Lansing. Decided December 5, 2013. Approved for publication March 11, 2014, at 9:00 a.m. Leave to appeal denied, 496 Mich ___.

Larry J. Winget was the sole shareholder of several subchapter S corporations. Most of the S corporations operated exclusively in Michigan, but during tax years 2001 and 2002, some had multistate operations. Larry and Alicia J. Winget determined their own liability under the Income Tax Act, MCL 206.1 *et seq.*, by combining the property, payroll, and sales figures for all the S corporations to calculate a single apportionment percentage and applying this apportionment percentage to each of the S corporations. After reviewing the Wingets' tax returns for 2001 and 2002, the Department of Treasury concluded that the Wingets should have calculated and applied separate apportionment percentages for each corporation. The Tax Tribunal ruled in favor of the department, and the Wingets appealed. The Court of Appeals, TALBOT, P.J., and WILDER and RIORDAN, JJ., affirmed in an unpublished opinion per curiam, issued October 16, 2012 (Docket No. 302190). Citing *Malpass v Dep't of Treasury*, 295 Mich App 263 (2011), the panel concluded that Michigan law did not allow separate entities to be treated as a unitary business in the absence of some common ownership at the entity level and that being owned by the same individual taxpayer was insufficient to trigger this relationship requirement. It was undisputed that the S corporations were legally separate and distinct business entities and that there was no common ownership at the entity level. As a result, the corporations did not form a single business entity, and the department correctly determined that the Wingets were required to apply a separate apportionment percentage to each S corporation, depending on the corporation's unique property, payroll, and sales figures. The Wingets sought leave to appeal, and the Supreme Court held their application in abeyance pending a decision in the appeal of *Malpass*. The Supreme Court subsequently held in *Malpass* that while the Income Tax Act allows either separate-entity reporting or combined reporting, businesses need to be unitary for a taxpayer to apportion under MCL 206.115. 494 Mich 237 (2013). The Supreme Court then vacated the judgment in this case and remanded it for the

Court of Appeals to reconsider the issue in light of the Supreme Court's decision in *Malpass*. 495 Mich 863 (2013).

On remand, the Court of Appeals *held*:

Under the federal Constitution, a state is prohibited from imposing income tax on value earned outside the state's borders. However, a state need not isolate a business's intrastate activities from its interstate activities, but may instead tax an apportioned sum of the corporation's multistate business if the business is unitary. This unitary-business principle allows a state to tax multistate businesses on a share of the multistate business carried on in part in the taxing state. MCL 206.103 provides that any taxpayer having income from business activity that is taxable both within and without Michigan, other than the rendering of purely personal services by an individual, must allocate and apportion the taxpayer's net income. MCL 206.115 sets forth the apportionment formula, which includes the use of a property factor, a payroll factor, and a sales factor. The Wingets asserted that under MCL 206.115 they could calculate the apportionment of business income by adding the property, payroll, and sales of multiple S corporations to establish a single property factor, a single payroll factor, and a single sales factor. While that is a valid method for apportionment, it is only available when the multistate businesses are unitary. For a business or individual to exercise multistate apportionment, there must be some sharing or exchange of value that cannot be precisely identified or measured (beyond the mere flow of funds arising out of a passive investment or a distinct business operation) that renders formula apportionment a reasonable method of taxation. Other than generalized testimony that the S corporations were engaged in automotive-related businesses, there were no facts to support a conclusion that the corporations constituted a unitary business, and the Wingets were therefore not entitled to use combined reporting. Moreover, MCL 206.110 and MCL 206.115 did not require the Wingets as resident individual taxpayers to allocate all taxable business income in accordance with the apportionment formula regardless of whether the businesses were unitary.

Affirmed.

*Varnum LLP* (by *Thomas J. Kenney* and *Marla Schwaller Carew*) for petitioners.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, and *Jessica A. McGiveny* and *Scott L. Damich*, Assistant Attorneys General, for respondent.

Before: TALBOT, P.J., and WILDER and RIORDAN, JJ.

WILDER, J. Previously, in *Winget v Dep't of Treasury*, unpublished opinion per curiam of the Court of Appeals, issued October 16, 2012 (Docket No. 302190), we affirmed the order of the Michigan Tax Tribunal (MTT) affirming respondent's assessments for tax years 2001 and 2002. Our Supreme Court vacated our judgment and remanded for us to reconsider the issue in light of its decision in *Malpass v Dep't of Treasury*, 494 Mich 237; 833 NW2d 272 (2013). *Winget v Dep't of Treasury*, 495 Mich 863 (2013). For the reasons set forth in this opinion, we again affirm.

Petitioner Larry Winget is the sole shareholder of several subchapter S corporations. Most of the S corporations operate exclusively within Michigan, but during the tax years at issue, two or three S corporations had multistate operations. Petitioners determined their Michigan income tax liability by combining the property, payroll, and sales figures for all the S corporations to calculate a single apportionment percentage. Petitioners applied this apportionment percentage to each of the S corporations. After reviewing petitioners' tax returns for tax years 2001 and 2002, respondent concluded that petitioners should have calculated and applied separate apportionment percentages for each of the S corporations. The MTT ruled in favor of respondent, and petitioners appealed.

In the absence of fraud, we review the MTT's decision for "misapplication of the law or adoption of a wrong principle." *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010). Issues of statutory interpretation are reviewed de novo. *Id.*

Under the federal Constitution, a state is prohibited from imposing income tax on value earned outside the state's borders. *Container Corp of America v Franchise Tax Bd*, 463 US 159, 164; 103 S Ct 2933; 77 L Ed 2d 545 (1983). However, "[a] state is not required to isolate a business's intrastate activities from its interstate activities; instead, 'it may tax an apportioned sum of the corporation's multistate business *if the business is unitary.*' " *Malpass*, 494 Mich at 246, quoting *Allied-Signal, Inc v Div of Taxation Dir*, 504 US 768, 772; 112 S Ct 2251; 119 L Ed 2d 533 (1992) (emphasis added). This unitary-business principle "allows a state to 'tax multistate businesses "on an apportionable share of the multistate business carried on in part in the taxing state." ' " *Malpass*, 494 Mich at 246, quoting *Preston v Dep't of Treasury*, 292 Mich App 728, 733; 815 NW2d 781 (2011) (citation omitted).

Consistently with the unitary-business principle, MCL 206.103, during the relevant tax years, provided the following:

> Any taxpayer having income from business activity which is taxable both within and without this state, other than the rendering of purely personal services by an individual, shall allocate and apportion his net income as provided in this act.[1]

The apportionment formula is set forth in MCL 206.115. At the time relevant to this appeal, MCL 206.115 read as follows:

> All business income, other than income from transportation services shall be apportioned to this state by multiplying the income by a fraction, the numerator of which is

---

[1] MCL 206.103, as amended by 1970 PA 140. Effective January 1, 2012, this statute was modified by replacing "as provided in this act" with "as provided in this part." 2011 PA 38.

the property factor plus the payroll factor plus the sales factor, and the denominator of which is 3.[2]

"The property, payroll, and sales factors represent the percentage of the total property, payroll, or sales of the business used, paid, or made in this state." *Grunewald v Dep't of Treasury*, 104 Mich App 601, 606; 305 NW2d 269 (1981), citing MCL 206.116, MCL 206.119, and MCL 206.121.

Petitioners argue that apportionment of business income under MCL 206.115 may be calculated by adding the property, payroll, and sales of multiple S corporations to establish a single property factor, a single payroll factor, and a single sales factor. While this is a valid method for apportionment, it is only available when the multistate businesses are unitary. In order

for a business or individual to exercise multistate apportionment, there must "be some sharing or exchange of value not capable of precise identification or measurement—beyond the mere flow of funds arising out of a passive investment or a distinct business operation—which renders formula apportionment a reasonable method of taxation." [*Wheeler Estate v Dep't of Treasury*, 297 Mich App 411, 417; 825 NW2d 588 (2012), aff'd in part and vacated in part on other grounds sub nom *Malpass*, 494 Mich 237, quoting *Container Corp*, 463 US at 166.

In *Malpass*, the plaintiff individuals (i.e., natural persons) owned two separate S corporations. Both were Michigan corporations, but one conducted its business in Michigan, and the other conducted its business in Oklahoma. *Malpass*, 494 Mich at 242-243. The "Michigan" S corporation had a net gain, while the "Oklahoma" S corporation had a net loss. In their amended tax returns, the taxpayers treated the S corporations as

---

[2] MCL 206.115, as amended by 1975 PA 233. The statute was subsequently amended by 2011 PA 38 and 178.

a unitary business. By treating the S corporations as a single unitary business, the taxpayers were able to substantially reduce their Michigan income tax obligations by applying the losses from the "Oklahoma" S corporation against their Michigan income. *Id.* at 243.

The Supreme Court noted that there were different apportionment formulas, including separate-entity reporting and combined reporting, and identified the question as being "whether the ITA [Income Tax Act, MCL 206.1 *et seq.*] prohibits individual taxpayers from using combined reporting." *Id.* at 247. It noted that (1) when an individual taxpayer derives income "from business activity both within and without this state, the ITA requires an individual taxpayer to 'allocate and apportion his net income,' " (2) all taxable income not attributable to another state must be allocated to this state, and (3) the allocation must be in accordance with MCL 206.115, which applies to "all business income." *Id.* at 248. Further, it noted that while MCL 206.115 unambiguously provided for formulary apportionment, it was silent on the method to be used. The Supreme Court concluded that "the phrase, '[a]ll business income . . . shall be apportioned[,]' is certainly broad enough to encompass either of the approaches advocated by the parties." *Id.* at 249. Therefore, it concluded that the ITA did not require separate-entity reporting and that "in the absence of a policy choice by the Legislature, . . . the ITA permits either reporting method." *Id.* at 251.

However, the *Malpass* Court did not eliminate the requirement that the businesses be unitary in order to apportion the income. It also did not indicate that all business that flowed through to the taxpayer would be regarded as a unitary business. In *Malpass*, it was not disputed that the businesses were unitary. *Id.* at 254. In

*Wheeler v Dep't of Treasury*, the companion case accompanying *Malpass*, it was disputed. *Id*. at 255. And because the Supreme Court agreed that the businesses in *Wheeler* were unitary, it held that the apportionment was proper. *Id*. at 256-258. Thus, the Supreme Court made it clear that it was maintaining the requirement that businesses need to be unitary in order for a taxpayer to apportion under MCL 206.115.

In the present case, the MTT found:

[5.] d. The [hearing officer] was correct in finding that:

"With regard to all of the entities at issue, other than generalized testimony that they were engaged in automotive related businesses, there are no facts to support a conclusion that the entities constitute a 'unitary' business. This suggests that even under the theory pursuant to which the original return was filed (excluding income and losses of non-unitary businesses) the factors should be combined only for those entities that are together engaged in a unitary business. However, the facts do not support a conclusion that they were so engaged."

\* \* \*

f. Had Petitioners brought forth evidence of a unitary business enterprise for some or all of the S corporations, a different result may have been warranted.

6. Given the above, the Tribunal adopts the conclusion of the Proposed Opinion and Judgment finding Petitioners failed to prove that a unitary business existed between and amongst any of the S corporations. Therefore, Respondent was correct in determining Petitioners' taxable income is based on the business activities of each separate entity. [Citation omitted.]

Since petitioners failed to establish that the S corporations constituted a unitary business, they were not entitled to use combined reporting.

Petitioners argue that because they are resident individual taxpayers, MCL 206.110 and MCL 206.115 required allocation of all taxable business income in accordance with the apportionment formula, regardless of whether their businesses were unitary. However, *Malpass* forecloses this possibility since it recognized that combined reporting could only occur if the businesses were unitary.

Affirmed.

TALBOT, P.J., and RIORDAN, J., concurred with WILDER, J.